IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRYAN BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-124 |
| ) | JURY DEMANDED |
| DENIS MCDONOUGH, SECRETARY, ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES the Plaintiff, Bryan Burton ("Mr. Burton"), and sues Denis McDonough, Secretary, Department of Veterans Affairs and respectfully shows this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Mr. Burton is an adult citizen and resident of Sullivan County, Tennessee.

2. Defendant Denis McDonough is the Secretary of the Department of Veterans Affairs, an agency of the United States of America (hereinafter, Denis McDonough will be referred to as "Secretary McDonough", while the Department of Veterans Affairs will be referred to as "the VA"). The VA operates the James H. Quillen VA Medical Center at Lamont Street & Veterans Way, Mountain Home, Tennessee 37684 (the "Hospital").

3. At all relevant times, Mr. Burton was employed at the Hospital. As such, at all relevant times, the VA was Mr. Burton's employer.

4. This action arises from the VA's unlawful conduct, as described more fully herein, for discrimination and retaliation in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, *et seq.* and/or the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Constitution of the United States of America.

5. The matter in controversy involves questions of federal law, giving this Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331. Moreover, this Court has original jurisdiction as Mr. Burton is suing an agency of the United States government.

6. The matter in controversy also involves ancillary claims that form part of the same case or controversy as that claim which is within the original jurisdiction of the Court. This Court has supplemental jurisdiction of such ancillary claims pursuant to the provisions of 28 U.S.C. §1367.

7. Venue is proper with this Court pursuant to 28 U.S.C. §§123(a)(2) and 1391. Specifically, the unlawful employment practices by the VA were committed within the jurisdiction for the Eastern District of Tennessee at Greeneville, that being Washington County, Tennessee.

8. Mr. Burton filed a timely Complaint of Employment Discrimination with the VA's Equal Employment Opportunity office, has received a Final Agency Decision, and has exhausted all of his administrative remedies.

## FACTUAL ALLEGATIONS

9. Mr. Burton has been employed by the VA at the Hospital for 14 years, serving in various roles, including currently serving as the Nurse Manager of the Emergency Department.

10. Prior to working for the VA, Mr. Burton served in the United States Armed Forces and was on active duty for six years.

11. Following his service, Plaintiff was diagnosed with Ankylosing Spondylitis, anxiety, depression, post-traumatic stress disorder, and insomnia.

12. As such, Mr. Burton is a 100-percent service-connected disabled veteran.

13. Prior to the events mentioned herein, Mr. Burton was able to manage these diagnoses with treatment, therapy, and minimal medicinal remedies.

14. Mr. Burton's direct supervisor, Mildred Stacey Swenson ("Ms. Swenson"), was the Chief Nurse for the Intensive Care Unit at the Hospital.

15. At all times relevant to this action, the VA employed Ms. Swenson and her actions as set forth below are those of the VA pursuant to general principles of agency.

16. Ms. Swenson became aware of Mr. Burton's disabilities in 2018.

17. Deborah Eddy ("Ms. Eddy"), Mr. Burton's second-in-line supervisor was the Associate Director of Patient Care Services.

18. At all times relevant to this action, the VA employed Ms. Eddy and her actions as set forth below are those of the VA pursuant to general principles of agency.

19. Ms. Eddy became aware of Mr. Burton's disabilities in 2019.

20. On April 17, 2020, following Mr. Burton's review of a subordinate employee, Ms. Swenson insulted and berated Mr. Burton calling him a "pussy" and "chicken shit" for not giving the subordinate a poorer review.

21. Ms. Swenson's oral conduct was done with the intent to exploit Mr. Burton's disabilities and victimize not only the subordinate but Mr. Burton as well.

22. Mr. Burton had a similar encounter with Ms. Swenson on April 20, 2020.

23. On May 6, 2020, Ms. Swenson became irritated and belligerent with Mr. Burton and questioned his ability to perform his position; Mr. Burton avers that this belittling on him occurred due to his disabilities.

24. Following these abusive exchanges with Ms. Swenson, Mr. Burton reported this now pattern of behavior to Ms. Eddy on May 7, 2020.

25. In this request were the allegations made against Ms. Swenson and a request to be reassigned to a different supervisor.

26. Ms. Eddy initiated an investigation against Ms. Swenson and ultimately granted Mr. Burton's request to be reassigned to a different supervisor.

27. However, after the investigation began, Mr. Burton was ostracized by his peers due to comments made of or by Ms. Swenson about Mr. Burton regarding his disabilities and/or engaging in protected activities.

28. In response, in or around June of 2020, Mr. Burton reported Ms. Swenson's conduct to the VA's Equal Employment Opportunity ("EEO") office; however, the EEO failed to take any action.

29. Moreover, Mr. Burton reported the same conduct to his Nurse Exec, Ms. Eddy, and to human resources and nothing was done regarding remedying the conduct except for the action taken mentioned above in Paragraph 26.

30. On August 10, 2020, Mr. Burton filed a formal EEO Complaint of Employment Discrimination, VA Case No. 200I-0621-2020105006. See Complaint attached hereto as **EXHIBIT A**.

31. Ms. Swenson learned of Mr. Burton's EEO activity shortly thereafter through conversation with other VA and Hospital employees.

32. As a result, Ms. Swenson made statements regarding the Mr. Burton that he was "mentally ill and paranoid . . . ." and that he made an EEO complaint against her due to his mental disabilities.

33. Moreover, Ms. Swenson has disclosed Mr. Burton's confidential medical information to numerous employees.

34. Ms. Swenson's statements regarding Mr. Burton's EEO activity and his confidential medical information have been corroborated by numerous employees at the Hospital.

35. Because of these statements from Ms. Swenson, as well as Mr. Burton's EEO activity, Mr. Burton was made subject to a fact-finding investigation.

36. Because of the statements and conduct from Ms. Swenson, Mr. Burton was passed over for the opportunity of career advancement despite being highly qualified for the position.

37. Moreover, due to Mr. Burton exercising his legal rights by filing an EEO, he was passed over for the opportunity of career advancement despite being highly qualified for the position.

38. Ms. Swenson has demonstrated a pattern of these abusive and insulting tactics and, as a result, employees are fearful of speaking out against Ms. Swenson or taking the proper EEO channels because they are afraid that Ms. Swenson will retaliate against them.

39. Because of Ms. Swenson's actions, Mr. Burton's disabilities have been exacerbated causing Mr. Burton to have increased symptoms and an accumulation of medical expenses, as well as emotional distress, and pain and suffering.

40. Moreover, Mr. Burton had to begin taking medication that he never before required due to Ms. Swenson's actions.

41. On May 20, 2021, the Agency rendered its Final Agency Decision ("FAD"). See FAD attached hereto as **EXHIBIT B**.

42. The VA is subject to the provisions and laws detailed in Title VII and the ADA and/or the Rehabilitation Act due to its status as an agency/department of the federal government.

43. In the FAD, it was determined that the VA had violated Title VII and the Rehabilitation Act.

44. Furthermore, the VA determined, through its EEO Manager, that Ms. Swenson was guilty of the actions alleged herein, and that substantial suspension or termination would be proper. See Memo attached hereto as **EXHIBIT C**.

45. Based on the VA's actions, Mr. Burton was discriminated against by the VA due to his disability and subsequently retaliated against due to reporting this discrimination via an EEO Complaint.

46. The VA knew or should have known that its actions as alleged herein were prohibited by Title VII, the ADA and/or the Rehabilitation Act, as well as various Tennessee state laws.

## CAUSES OF ACTION

### Count One

**Hostile Work Environment based on Disability, 29 U.S.C. § 791, et seq.**

47. Mr. Burton incorporates and re-alleges the foregoing allegations as if fully set forth herein.

48. The VA is an executive agency as contemplated by 29 U.S.C. § 794(a).

49. Mr. Burton was an employee of the VA.

50. Mr. Burton belongs to a statutorily protected class, as he has several disabilities as defined by 42 U.S.C. § 12102.

51. Despite his disabilities, Mr. Burton was qualified and able to satisfactorily perform the essential job duties of his position with the VA without an accommodation.

52. The VA violated the ADA and Rehabilitation Act by subjecting Mr. Burton to a hostile work environment by verbally harassing Mr. Burton, reprimanding Mr. Burton without cause, and ultimately disclosing intimate details regarding Mr. Burton's disabilities which had no bearing on Mr. Burton's performance or employment.

53. The above-referenced actions created an intolerable hostile work environment.

54. The aforementioned harassment was based on Mr. Burton's protected class status.

55. The VA's conduct was intentional, willful, and taken in reckless disregard of Mr. Burton's rights.

56. As such, the VA at all relevant times knew, or should have known, of the above-referenced discrimination against Mr. Burton.

57. The VA's actions were both severe and pervasive.

58. The VA has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

59. The VA, through Mr. Burton's managers and supervisors has engaged in, directed or ratified conduct, and denied and frustrated Mr. Burton's efforts to obtain relief under the ADA/Rehabilitation Act.

60. The VA, through acceptance of the complained of conduct, has fostered an attitude among supervisors within the Hospital that disability discrimination is an acceptable employment practice.

61. Because of the willful actions of the VA and its administrators, managers and supervisors, and as a proximate cause thereof, Mr. Burton has been and continues to be denied his rights to equal employment opportunity in violation of the ADA/Rehabilitation Act.

62. The VA's justifications are a pretext to veil unlawful discrimination.

63. As a result of the foregoing, Mr. Burton has been damaged. Those damages include, but are not limited to, loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Mr. Burton will continue in the future to suffer from these damages absent relief from this Court.

## Count Two

**Unlaw Disclosure of Confidential Medical Information, 42 U.S.C. § 12112; 29 C.F.R. § 1630.14**

64. Mr. Burton incorporates and re-alleges the foregoing allegations as if fully set forth herein.

65. The VA's employee, Ms. Swenson, disclosed a matter of Mr. Burton's confidential medical information to employees of the VA at the Hospital.

66. Specifically, Ms. Swenson stated that Mr. Burton was mentally ill and paranoid.

67. Mr. Swenson had personal knowledge of Mr. Burton's disabilities through conversation with Mr. Burton regarding the same.

68. Said disclosure was made to random employees and was not made to persons who had a "need to know" Mr. Burton's confidential medical information.

69. Said disclosure is a per se violation of the ADA and the Rehabilitation Act.

70. As a result of the foregoing, Mr. Burton has been damaged. Those damages include, but are not limited to, loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Mr. Burton will continue in the future to suffer from these damages absent relief from this Court.

## Count Three

### Reprisal under Title VII of the Civil Rights Act of 1964, § 701 et seq.

71. Mr. Burton incorporates and re-alleges the foregoing allegations as if fully set forth herein.

72. Mr. Burton engaged in a protected activity when he complained to the EEO that he was being discriminated against based on his sex and race.

73. This activity is protected under Title VII.

74. The VA had knowledge of Mr. Burton's protected activity of filing an EEO Complaint.

75. Following Mr. Burton's protected EEO activity, the VA, through Ms. Swenson, disclosed Mr. Burton's confidential medical information, disclosed Mr. Burton's EEO activity to coworkers, and made statements that sabotaged Mr. Burton's opportunity for career advancement to Chief Nurse.

76. Ms. Swenson also created a hostile work environment for Mr. Burton after learning of this EEO activity.

77. There is a causal connection between the protected activity, the illegal disclosures, and the adverse employment actions.

78. Further, the actions taken as a whole, combined with the lack of attenuation from Mr. Burton's protected EEO activity, demonstrate that Mr. Burton's EEO activity was a motivating factor for the illegal and adverse actions.

79. The VA's conduct was intentional, willful, and taken in a reckless disregard of Mr. Burton's rights.

80. The VA's conduct has a chilling effect on the EEO process.

81. As a result of the foregoing, Mr. Burton has been damaged. Those damages include, but are not limited to, loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Mr. Burton will continue in the future to suffer from these damages absent relief from this Court.

### Count Four

**Retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12203 or in the alternative, Retaliation under the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq.**

82. Mr. Burton incorporates and re-alleges the foregoing allegations as if fully set forth herein.

83. Mr. Burton engaged in a protected activity when he complained to the EEO that he was being discriminated against based on his disability.

84. This activity is protected under the ADA/Rehabilitation Act.

85. The VA had knowledge of Mr. Burton's protected activity of filing an EEO Complaint.

86. Following Mr. Burton's protected EEO activity, the VA, through Ms. Swenson, disclosed Mr. Burton's confidential medical information, and also made statements that sabotaged Mr. Burton's opportunity for career advancement to Chief Nurse.

87. Ms. Swenson also created a hostile work environment for Mr. Burton after learning of this EEO activity.

88. There is a causal connection between the protected activity, the illegal disclosures, and the adverse employment actions.

89. Further, the actions taken as a whole, combined with the lack of attenuation from Mr. Burton's protected EEO activity, demonstrate that Mr. Burton's EEO activity was a motivating factor for the illegal and adverse actions.

90. Mr. Burton performed his job satisfactorily.

91. A similarly situated employee who did not file an EEO complaint was treated more favorably than Mr. Burton.

92. The VA's conduct was intentional, willful, and taken in a reckless disregard of Mr. Burton's rights.

93. As a result of the foregoing, Mr. Burton has been damaged. Those damages include, but are not limited, to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Mr. Burton will continue in the future to suffer from these damages absent relief from this Court.

## Count Five

## Public Disclosure of Private Fact

94. Mr. Burton incorporates and re-alleges the foregoing allegations as if fully set forth herein.

95. The VA's employee, Ms. Swenson, disclosed a matter of Mr. Burton's private life, i.e., his disability, to employees of the VA at the Hospital.

96. By calling Mr. Burton "mentally ill and paranoid" Ms. Swenson disclosed certain disabilities that Mr. Burton has.

97. This disclosure would be highly offensive to any reasonable person.

98. This disclosure was of no concern to anyone, let alone the public at large, because Mr. Burton's disabilities had no negative effect on Mr. Burton's employment performance.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Burton prays as follows:

    A.    For the Court to assume and continue jurisdiction of this action;

    B.    That a jury be empaneled;

    C.    For a permanent injunction enjoining the VA and its officials, officers, agents, managers, employees, and representatives from engaging in the unlawful practices and acts described herein;

    D.    For an award of actual, compensatory, consequential, incidental, pecuniary, and other damages according to proof, including, but not limited to, loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputations;

and humiliation, degradation, embarrassment, and severe emotional suffering and distress, in an amount not less than $300,000.00;

      E.      For an award of punitive damages in an amount not less than $1,000,000.00.

      F.      For Mr. Burton to be promoted to the position he was denied promotion to due to the VA's retaliation, or in the alternative, for an award of front pay as if Mr. Burton had received said promotion;

      G.      For an award of pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, and costs;

      H.      For other appropriate legal, equitable, and further relief which the Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of August, 2021.

TAYLOR & KNIGHT, GP

*/s/ Jordan T. Newport*
Jordan T. Newport, BPR #037604
800 S. Gay Street, Suite 600
Knoxville, TN  37929
P: (865) 971-1701
jnewport@taylorknightlaw.com
*Attorney for Plaintiff*